## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPHINE ACOSTA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0353-15-0394-I-1 |
| 　　　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: October 20, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus J. Watson, Dallas, Texas, for the appellant.

Susan L. LaSalle, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which denied her restoration appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, a Mail Processing Clerk at the agency's Dallas Processing and Distribution Center, experienced a series of compensable injuries beginning in February 2007. Initial Appeal File (IAF), Tab 26 at 20-21; Tab 7 at 47.[2] The agency offered the appellant a modified job assignment, and her physician subsequently indicated that she could return to work on April 3, 2015, with restrictions that, in pertinent part, indicated that she could perform no duties that required walking or standing. IAF, Tab 7 at 29-31, 35-37. The appellant reported for duty on that date, and the agency gave her ad hoc duties apparently within her restrictions for 8 hours each day through April 7, 2015, but it sent her home because it had no duties available within her medical restrictions and needed to, among other things, process the paperwork concerning her modified job offer. IAF, Tab 7 at 34; Tab 23 at 154-55; Tab 26 at 12. Around this time, the Department of Labor (DOL) informed the agency that the modified job offer

---

[2] The Office of Personnel Management approved the appellant's disability retirement application in December 2012, and the agency removed her from its rolls; she elected to receive Office of Workers' Compensation Programs benefits until April 7, 2015, after which she elected to collect disability retirement benefits. IAF, Tab 7 at 47, 207-12; Tab 23 at 154-62; Tab 25 at 15; Tab 26 at 7, 35, 40; Tab 31, Initial Decision at 2 & n.2.

was not suitable in light of the appellant's restrictions. IAF, Tab 23 at 154-56, 161, 163-64; Tab 26 at 33. Three days later, the appellant made another restoration request. IAF, Tab 7 at 33. Between June 23 and July 22, 2015, the agency unsuccessfully searched the local commuting area for work within the appellant's medical restrictions and then notified her that it had no duties available within her medical restrictions. IAF, Tab 9 at 14-15, 17-153.

¶3        The appellant filed an appeal in which she alleged that the agency violated her restoration rights. IAF, Tabs 1, 14. The administrative judge found that the appellant made nonfrivolous allegations sufficient to establish jurisdiction over her appeal. IAF, Tab 31, Initial Decision (ID) at 1. After holding a hearing, the administrative judge found that the appellant failed to show by preponderant evidence that the agency's denial of her restoration request was arbitrary and capricious. ID at 9. Consequently, he affirmed the agency's action, denying the appellant's appeal on the merits. ID at 10.

¶4        In her petition for review, the appellant asserts that she was denied the opportunity to present a witness she states would have testified that he assigned modified/light duty jobs to his female friends rather than to her. Petition for Review (PFR) File, Tab 1 at 9-10, 15-17. She also submits a document dated after the close of the record below regarding retroactive payments she received from the Office of Personnel Management (OPM). *Id.* at 12. The appellant claims that she had no choice but to report for duty on April 3, 2015, even though the agency's job offer was not within her medical restrictions, because neither the agency nor DOL informed her not to do so. *Id.* at 14. She further argues that the agency failed to conduct a legally sufficient search to find her an alternative assignment within her medical restrictions. She asserts, moreover, that she is qualified to perform the duties of a dispatch dock clerk or a call center employee with or without accommodation. *Id.* at 14-16. The agency responds in opposition

to the appellant's petition for review. PFR File, Tab 3. The appellant filed a reply to the agency's response. PFR File, Tab 4.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The Federal Employees' Compensation Act and OPM's implementing regulations at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); 5 C.F.R. § 353.301. Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

¶6      OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d). The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011); 5 C.F.R. § 353.304(c). As noted above, the

---

[3] The appellant filed an additional pleading on June 8, 2016. The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response. PFR File, Tab 5; *see* 5 C.F.R. § 1201.114(a)(5). Because the appellant failed to file a motion with and obtain leave from the Clerk of the Board prior to filing her additional pleading, the pleading was rejected and returned to the appellant without consideration. PFR File, Tab 5.

appellant established jurisdiction over her restoration claim by making the requisite nonfrivolous allegations, IAF, Tab 14, and she must prove the merits of her appeal by preponderant evidence,[4] *Kingsley*, 123 M.S.P.R. 365, ¶ 12*;* 5 C.F.R. § 1201.57(a)(4), (b).  We agree with the administrative judge that the appellant established the first three elements of her restoration claim.  ID at 5.  To that end, the record reflects that:  (1) the appellant was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or return to work in a position with less demanding physical requirements than those previously required of her; and (3) she requested restoration and the agency denied her request.  ID at 5; *Bledsoe*, 659 F.3d. at 1104.  Neither party challenges these findings on review, and we see no reason to disturb them.

¶7        Concerning the fourth element, whether the agency's denial of the appellant's restoration request was arbitrary and capricious, the administrative judge found that the appellant failed to show that work within her restrictions was available or that the agency's search for work was not sufficient.  ID at 5.  We agree with the administrative judge that the appellant failed to show that the ad hoc duties she performed in the security shack and the damaged mail unit between April 3 and 7, 2015, were either necessary or within her medical restrictions and that, as a result, the agency never reemployed her such that she was performing duties pursuant to a valid modified assignment.   ID at 5-8 & n.7. On review, she asserts that she was not told that the DOL had determined that the agency's modified job offer was not acceptable in light of her medical restrictions and explains that she reported for duty on April 3, 2015, because she thought she was required to do so.  PFR File, Tab 1 at 14.  Nevertheless, the administrative judge found it undisputed that the agency's modified job offer did not meet the appellant's medical restrictions.  ID at 6; IAF, Tab 7 at 35-42.

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶8        We also agree with the administrative judge that the agency's search for a job within the appellant's medical restrictions did not result in an arbitrary and capricious denial of restoration.  ID at 8-9.  In her petition for review, the appellant challenges the agency's search as insufficient.  PFR File, Tab 1 at 13-16.  She does not assert on review that the agency's search failed to encompass the appropriate geographical area, nor does she challenge the administrative judge's finding that the agency's delay in performing its search was not so lengthy as to represent an arbitrary and capricious denial of restoration.  ID at 9.  Her arguments instead focus on her unsupported allegation that the agency investigated the individual who conducted the search for allegedly giving jobs to his female friends and her contention that the agency could have assigned her to one of those jobs.[5]  *Id.* at 15-17.  The appellant raises this issue for the first time on review, claiming that she learned around the time of the hearing that the agency forced the individual who was investigated to resign over the allegations.  *Id.* at 10.  The appellant offers no support for her assertion, and she fails to explain the source of this information or why the information was not available to her despite her due diligence prior to the close of the record below.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of*

---

[5] The appellant also claims that she was denied the opportunity to present the testimony of this individual, who she asserts would have confirmed her allegations.  PFR File, Tab 1 at 10.  The appellant, however, did not propose this individual as a witness.  IAF, Tab 24 at 7.  The record instead reflects that only the agency proposed this witness, but it did not call him to testify at the hearing and that the appellant only proposed herself as a witness on her own behalf.  *Id.*; IAF, Tab 23 at 13-14; PFR File, Tab 3 at 13.  Moreover, our review of the record, including the hearing compact disc (HCD), does not reflect that the appellant, who was represented in her appeal below, lodged any objection concerning this witness.  IAF, Tab 29, HCD.  The appellant's failure to timely object to rulings on witnesses below precludes her from doing so on review.  *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

*the Air Force*, [4 M.S.P.R. 268](#), 271 (1980).  The appellant makes no such showing here, and so we will not consider it further.

¶9        The appellant also argues on review that she is able perform the duties of a dispatch dock clerk and to work at the call center in Coppell, Texas, with or without accommodation.  PFR File, Tab 1. at 16.  We point out that Coppell, Texas, is within the local commuting area that the agency searched for positions meeting the appellant's medical restrictions and the record reflects that the agency searched at least six facilities there during that search.  IAF, Tab 9 at 25.  Moreover, the appellant fails to identify any purportedly vacant positions in Coppell.  *See, e.g.*, *Clark v. U.S. Postal Service*, [123 M.S.P.R. 466](#), ¶ 10 (2016) (citing *Bledsoe*, 639 F.3d at 1100, 1104-06) (finding that the appellant failed to meet the fourth element in establishing jurisdiction over her restoration appeal because she failed to specifically identify any vacant positions that she was able to perform that were available within her commuting area).  In any event, even if she were able to identify a vacant position, we need not consider the argument because she raises it for the first time on review and failed to show that it is based on new and material evidence not previously available to her despite her due diligence.  *E.g.*, *Banks*, 4 M.S.P.R. at 271.

¶10       Accordingly, we find that the administrative judge correctly affirmed the agency's denial of the appellant's restoration request.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.